UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-03181-AB-SSC | Date: | August 20, 2025 |
|---|---|---|---|

| Title: | *Eleazar Santos v. The Pictsweet Company, et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>DENYING</u> PLAINTIFF's MOTION FOR REMAND [Dkt. No. 20]

    Before the Court is Plaintiff Eleazar Santos's ("Plaintiff") Motion for Order Remanding Action to State Court ("Mot.," Dkt. No. 20). The Pictsweet Company ("Defendant") filed an opposition ("Opp.," Dkt. No. 22), and Plaintiff filed a reply ("Reply," Dkt. No 23). The Court found this matter appropriate for decision without oral argument and vacated the hearing set for June 20, 2025. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Having considered the materials submitted by the parties, and for the reasons indicated below, the Motion is **<u>DENIED</u>**.

**I.    BACKGROUND**

    Plaintiff initiated this action in the Superior Court of California, County of Santa Barbara on January 10, 2024 against Defendants The Pictsweet Company and Express Services, Inc. d/b/a Express Professional Services. *See* Notice of Removal ("NOR" Dkt. No.1), Ex. 2, Class Action Complaint ("Compl."). Defendant employed Plaintiff from May 2022 to July 2022. Compl. ¶ 13. Plaintiff alleges that Defendant failed to pay wages for all hours worked, provide meal and

rest periods, pay final wages, issue accurate wage statements, indemnify employees for expenditures, and produce requested employment records. Compl. ¶ 14. Plaintiff asserts nine causes of action, individually and on behalf of other current or former hourly or non-exempt employees of Defendant in California during the class period for various violations of California's Labor Code and Unfair Competition Law.

On February 15, 2024, Defendant removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). NOR ¶ 6. On March 15, 2024, Plaintiff moved to remand the action. NOR ¶ 9. On July 9, 2024, this Court granted Plaintiff's motion to remand. NOR ¶ 11.

On April 10, 2025, Defendant removed the action to this Court, arguing this Court has jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), under the Ninth Circuit's recent decision in *Perez v. Rose Hills*, 131 F.4th 804 (9th Cir. 2025). *See* NOR. On May 15, 2025, Plaintiff moved to remand the action. *See* Mot.

## II.     LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal court when the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing federal jurisdiction. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). To meet this burden as to the amount in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)).

CAFA provides federal courts with original jurisdiction over class actions in which (1) the parties are minimally diverse, (2) the putative class has more than 100 members, and (3) and the aggregated amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). "[N]o antiremoval presumption attends cases invoking CAFA." *Bridewell-Sledge v. Blue Cross of Cal.*, 798 F.3d 923, 929 (9th Cir. 2015).

Only "when the plaintiff contests, or the court questions, the defendant's allegation" must the defendant submit evidence to establish the amount in controversy by a preponderance of the evidence. *Id*. at 89 (citing 28 U.S.C. § 1446(c)(2)(B)); *see Ibarra*, 775 F.3d at 1195; *Harris v. KM Industrial, Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) ("When a plaintiff mounts a factual attack, the

burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold."). The plaintiff may submit evidence to the contrary. *Ibarra*, 775 F.3d at 1198 (citing *Dart Cherokee*, 574 U.S. at 89). Courts may "consider ... summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). "An affidavit or declaration used to support or oppose a motion [for summary judgment] must ... set out facts that would be [but not necessarily are] admissible in evidence ...." Fed. R. Civ. P. 56(c)(4).

### III. REQUEST FOR JUDICAL NOTICE

In a motion to dismiss, the court generally may not consider materials other than facts alleged in the complaint and documents that are made a part of the complaint. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, a court may consider materials if (1) the authenticity of the materials is not disputed and (2) the plaintiff has alleged the existence of the materials in the complaint or the complaint "necessarily relies" on the materials. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The court may also take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Lee*, 250 F.3d at 689-90. Thus, a court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986).

Plaintiff has requested the Court take judicial notice of twenty-six "similar complaints filed by plaintiffs in State Court and the subsequent orders remanding from Federal Court to State Court." (Dkt. No. 21, Plaintiff's Request for Judicial Notice ("RJN"), at 1). Defendant did not provide a position in response to Plaintiff's RJN.

"Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Although the scope of review on a motion to dismiss is generally confined to the contents of the complaint, a court may consider "certain materials—documents attached to the complaint, documents incorporated by reference in the complaint or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Lacayo v. Seterus, Inc.*, No. CV 17-02783-AB (JEMx), 2017 WL 8115535, at *3 (C.D. Cal. Aug. 2, 2017)

(quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). All of Plaintiff's exhibits are judicially noticeable as matters of public record. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.")

However, simply because an exhibit is judicially noticeable by the nature of being public record, that does not compel the court to take judicial notice. *Nguyen v. City of Buena Park*, No. 8:20-CV-00348-JLS-ADS, 2020 WL 5991616, at *2 (C.D. Cal. Aug. 18, 2020) (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1410 n.2 (9th Cir. 1990)) ("If an exhibit is irrelevant or unnecessary to deciding the matters at issue, a request for judicial notice may be denied."). As such, the Court **DENIES** Plaintiff's Request for Judicial Notice because the Court does not find the existence of the provided cases necessary to resolve this Motion.

### IV.  DISCUSSION

Plaintiff argues that (1) Defendant's second removal attempt is time-barred, (2) *Rose Hills* does not give Defendants fresh ground for removal, (3) Rose Hills has no bearing on this court's prior correct remand order, and (4) Defendant's assumed violation rates are unreasonable. Mot. 1:5-25, 2:1-13.

#### A. The Second Removal Attempt Is Not Time Barred.

Plaintiff asserts that under 28 U.S.C. § 1446(c)(1) removal is not available under section 1446(b)(3) "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Mot. 1:5-12. Defendant correctly states that "CAFA does not require removals to be brought within one year of filing the complaint." Opp. 1:11-12; 28 U.S.C. § 1453(b). Plaintiff does not respond in their reply. As such, Defendant's removal is not time barred.

#### B. *Rose Hills* Is a Relevant Change of Circumstances that Justifies Reconsideration of a Successive Petition for Removal.

Plaintiff relies on *Fore Stars* and *Philips* to claim the *Rose Hills* decision does not constitute an "other paper," which would make this case removable within the meaning of 28 U.S.C. § 1446(b)(3). Mot. 4:21-27. However, the court in *Fore Stars* clarified that "a defendant may remove a case from state court within thirty days of ascertaining that the action is removable under CAFA ... based on intervening case law." *Fore Stars, Ltd. v. City of Las Vegas*, 488 F. Supp. 3d 982,

992 (D. Nev. 2020) (*quoting Goodman v. Wells Fargo Bank, N.A.*, 602 F. App'x 681, 681-82 (9th Cir. 2015)). The *Fore Stars* court stated that intervening court decisions could uniquely trigger a second removal period in CAFA jurisdiction cases under 1446(b)(3) because "courts are required to liberally construe removal petitions grounded on CAFA jurisdiction." *Id.* at 991; *see also Chan Healthcare Group, PS v. Liberty Mutual Fire Ins. Co.*, 844 F.3d 1133, 1137 (9th Cir. 2017) (CAFA "significantly expanded federal diversity jurisdiction" to "ensure '[f]ederal court consideration of interstate cases of national importance.'"). Additionally, the *Philips* case does not apply as it predates CAFA and involved diversity jurisdiction in which "courts strictly construe the removal statute against removal". *Phillips v. Allstate Ins. Co.*, 702 F. Supp. 1466, 1467 (C.D. Cal. 1989). Thus, in a CAFA jurisdiction case, intervening case law can trigger a removal period.

Plaintiff alleges that *Rose Hills* has no bearing on this Court's original order, which found that Defendant erroneously relied on allegations from a separately filed complaint in a Plaintiff's Labor Code Private Attorneys General Act of 2004 ("PAGA") action, and that Defendant had relied on unreasonable assumptions. Mot. 5:18-23. However, Defendant used violation rates based solely on the allegations of the Complaint for the instant removal (Opp. 3:1-3), and *Rose Hills* bears directly on the reasonability of assumptions about violation rates based on a complaint that uses limiting language similar to that of Plaintiff's. *Perez v. Rose Hills Co.*, 131 F.4th 804, 808-10 (9th Cir. 2025). Accordingly, *Rose Hills* constitutes an intervening case that can trigger another removal period.

### C. Defendant's Assumed Violation Rates Are Reasonable.

In assessing the amount in controversy, courts first look to the allegations in the complaint. *Ibarra*, 775 F.3d at 1197. Courts can accept a plaintiff's good faith allegation of the amount in controversy. *Id*. But if the "plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." 28 U.S.C. § 1446(c)(2)(A); *Dart Cherokee*, 574 U.S. at 84. Here, the Complaint does not allege an amount in controversy. *See* Compl. Because Plaintiff contests the amount in controversy, Defendant must provide evidence to support its calculations. To satisfy that requirement, Defendant filed a declaration from Jonathan Wilson, labor economist and consultant of Resolution Economics ("ResEcon"). NOR ¶ 49, 53-60.

A removing defendant is entitled to make "reasonable assumptions" about violation rates to estimate the amount in controversy. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). It is inappropriate to demand exact

certainty from a defendant in their calculations of the amount in controversy. *Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022). "Where a defendant's assumption is unreasonable on its face without comparison to a better alternative, a district court may be justified in simply rejecting that assumption and concluding that the defendant failed to meet its burden." *Id.* at 996.

### 1. The NOR's Data Points Are Admissible.

Plaintiff claims that Jonathan Wilson's declaration is inadmissible under the Federal Rules of Evidence, Rule 901, because (1) the declaration fails to attach any raw data from which he makes statements, and (2) the declaration fails to identify where he received the queries to pull the records. However, as Defendant points out, a facial attack against a declaration is foreclosed because "a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020) (quoting *Arias*, 936 F.3d at 922). In the present case, Mr. Wilson's declaration has adequate foundations, and Plaintiff does not contest the plausibility of his allegations. Declaration of Jonathan Wilson, ¶ 1-3.

Although Plaintiff is correct that "[i]t is well established that Plaintiff is not required to submit evidence in order to make a factual attack," Plaintiff is incorrect in stating, "Plaintiff does not rely merely on Defendant's evidentiary shortcomings, but also has directly challenged Defendant's facts and assumptions". Mot. 9:6-10. "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.' " *Salter,* 974 F.3d at 964 (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)). Plaintiff cites to their motion at "8:18-9:1; 9:22-25" as challenging Defendant on a factual rather than facial basis, but neither section contains a factual attack on the allegations in Mr. Wilson's declaration. Mot. 9:7-8. At 8:18-9:1 in the Motion, Plaintiff merely states that the declaration "fails to attach any raw data" and "fails to identify[…] where he received the 'exact queries to pull the records'." Both claims allege evidentiary shortcomings-not the truthfulness of the allegations in the declaration. Further, Plaintiff calls Defendants' assumptions "dubious because plaintiff does not allege any violation rates in the Complaint," but the assumed violation rates are not something the Declaration alleges. Thus, the Plaintiff merely makes a facial attack on Mr. Wilson's Declaration, and the declaration is admissible. *See also Alfaro v. Banter by Piercing Pagoda*, 2022 WL 1284823 at *2 (C.D. Cal. Apr. 29, 2022) (holding plaintiff's assertion that defendant's amount-in-

controversy calculations are unsupported and speculative is merely a facial attack).

## 2. Defendant's Assumed Violation Rates Are Reasonable.

Defendant makes a series of assumptions about violation rates in order to calculate $7,071,003.81 as the subtotal of the amount in controversy. NOR ¶ 50, 64-65. For meal and rest period violations, Defendant assumes a 20% violation rate for each class member. NOR ¶ 84, 89. For unpaid minimum wages and liquidated damages, Defendant assumed one hour of unpaid overtime wages each week per class member. *Id.* at ¶ 70. Defendant assumes each putative class member was affected to some degree by wage and hour violations. *Id.* at ¶ 94. Because waiting time penalties are tied to these alleged violations, Defendant assumes the full thirty days waiting time penalties. *Id.*

Plaintiff argues Defendant's assumptions about the violation rates of the meal and rest period, unpaid wages, and waiting time penalty are arbitrary and fly in the face of the limiting language of the Complaint. Mot. 9:22-28, 10:1-2, 10:19-28, 11:1-6, 11:9-20, 11:25-27, 12:2-9, 12:25-28, 13:1-7. Plaintiff's argument is three-fold: (1) Defendant's assumptions regarding violation rate are not supported by Plaintiff's Complaint; (2) limiting language regarding frequency ("at times") precludes Defendant's various violations rates; (3) limiting language regarding class members ("some of, but not necessarily all [putative class members]" and "Plaintiff and the Class, or some of them") precludes the Defendant's assumptions regarding violations as being towards all class members.

Although Defendant should first look to the complaint to make assumptions (*Ibarra*, 775 F.3d at 1197), in this case, "Plaintiff does not allege any violation rates in the Complaint." Mot. 9:23. "[I]t makes little sense to require a CAFA defendant to introduce evidence of the violation rate[…] because the defendant likely believes that the real rate is zero and thus that the evidence does not exist." *Rose Hills*, 131 F.4th at 808. However, if a plaintiff wishes to constrain the range of assumptions that are reasonable for a defendant to make about violation rates, then they can be more specific in the language of their complaint. *Id.* at 810.

Here, Plaintiff's limiting language regarding the "degree or frequency of the alleged violations," (Mot. 9:27) does little if anything to constrain the assumptions Defendant can reasonably make. Although the Plaintiff's limiting language "is specifically not alleging that the violations occurred each workweek to each class member," (*Id.* at 10:1-2) it also does not exclude nearly any possible assumption. Language like "Plaintiff and the Class, or some of them" includes the possibility of

violations against all the Class, and language such as "at times" is only potentially incompatible with violations occurring at *all* possible times. Because Defendant does not assume violations occur at *all* times for which Plaintiff claims they only occur "at times," and because Defendant does not assume more than all of the putative class is affected, Defendant's assumptions do not run contrary to the language of the Complaint.

Though Plaintiff's language leaves open many different potential assumptions, "an assumption is not unreasonable simply because another equally valid assumption may exist." *Rose Hills*, 131 F.4th at 808. Additionally, even if Defendant's assumptions are on the higher end of possibilities, "the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover," not the amount that the plaintiff is likely to recover. *Arias*, 936 F.3d at 926, quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Thus, the Defendant's assumptions do not contradict the language and facts of Plaintiff's Complaint.

Additionally, Defendant provided ample caselaw to establish the reasonableness of its assumptions in light of the broad language used in Plaintiff's Complaint. *See* NOR ¶ 70, 75, 83, 94, 98; *Alfaro*, 2022 WL 1284823 at *3 (holding defendant's 25% meal and rest break violation rate assumptions and defendant's assumption of one hour of unpaid overtime per week during the class period were reasonable, despite plaintiff's attempt to limit the scope of the complaint through "artful pleading" language such as alleging that violations occurred "at times."); *Mendoza v. Savage Servs. Corp.*, 2019 WL 1260629 at *2 (C.D. Cal. Mar. 19, 2019) (holding "When a defendant's calculation lacks factual support, courts in this district routinely apply a 20% violation rate—that is, one missed meal and rest period per work week—for meal and rest period premiums[…] or one hour of overtime pay per week"); *Oda v. Gucci Am., Inc.*, 2015 WL 93335 at *5 (C.D. Cal. Jan. 7, 2015) (holding "because Plaintiffs include separate claims for both failure to pay regular wages and failure to pay overtime, [Defendant] properly assumes at least one of each type of violation per week. Had Plaintiffs wanted to avoid removal by limiting their recovery, they could have pled facts narrowing the scope of their claims."); *Thompson v. La Petite Acad., Inc.*, 2022 WL 5241838 at *5 (C.D. Cal. Oct. 6, 2022) ("Plaintiff's Complaint offers no guidance as to the frequency of the alleged violations, relying instead on allegations that Defendants "at times" failed to provide meal periods or compensation for missed meal periods to assert that Defendants' assumed 20% rate is unreasonable[…] the Court rejects this argument"); *Jauregui, Inc.*, 28 F.4th at 993-94 (holding it was not unreasonable to assume, despite a lack of evidence, that "the vast majority (if not

all) of the alleged violations […] at issue in this case would have happened more than 30 days before the suit was filed, which would entitle the employees to the 30-day penalty"); *Bermejo v. Lab'y. Corp.*, 2020 WL 6392558, at *7 (C.D. Cal. Nov. 2, 2020) (holding when it can reasonably be assumed that about one violation occurred each week, every wage statement likely contained an alleged error).

In response to Defendant's case law, Plaintiff attempts to distinguish those cases from the present facts here. For example, Plaintiff states, "Unlike in *Thompson*, Plaintiff here not only alleges 15 times that violations occurred 'at times,' but also alleges that violations were suffered by only 'some' class members at least 44 times" (Reply 8:1-12). However, Plaintiff misstates the language of his own complaint. Contrary to ever alleging violations were suffered by "only 'some' class members," he consistently alleges that violations occurred against "the Class, or some of them" (Compl. *generally*). As discussed above, the Court finds this language includes the possibility of violations against all the Class. Thus, the difference in language is a distinction without significance.

For the foregoing reasons, and because Plaintiff does not contest the reasonableness of the relevant data points or methods of calculation used to calculate the subtotal of Defendant's proposed amount in controversy, the Court finds Defendant's proposed subtotal reasonable.

### 3. Defendant's Assumed Attorneys' Fees Are Reasonable

Plaintiff argues that "Defendants incorrectly seek to meet the CAFA threshold by assuming that 25% of the total award is the benchmark in a class action involving a common fund." Mot. 13:9-11. However, Plaintiff overstates the holding of the cases they cite. Neither *Garibay* nor *Fritsch* stand for calculating attorneys' fees at 25 percent of the total award as being presumptively unreasonable assumptions.

First, *Garibay*, an unpublished decision, supports the opposite argument, stating the defendant "correctly notes that 25% recovery is the 'benchmark' level for reasonable attorney's fees in class action cases*." Garibay v. Archstone Communities LLC*, 539 F. App'x 763, at 764 (9th Cir. 2013). The court instead held the defendant had not established that the "underlying amount upon which those fees would be based is at least $4 million, as would be required to meet the $5 million minimum." *Id*.

Second, In *Fritsch*, the court merely rejects "the argument that we should

hold that, as a matter of law, the amount of attorneys' fees in controversy in class actions is 25 percent of all other alleged recovery" because "[a] state may adopt the lodestar method for determining reasonable attorneys' fees under certain statutes[…] or (as in this case) not allow recovery of attorneys' fees for legal work on certain types of claims." *Fritsch*, 899 F.3d at 796.

In support of its attorneys' fee calculation, Defendant points to several other recent cases in this district, which have held a 25% attorneys' fees to be reasonable. *See* Opp. 21:16-26; *Stacy Kraebel v. Siemens Indus., Inc., et al.*, 2025 WL 1421383, at *6 (C.D. Cal. Apr. 8, 2025); *Ortiz v. Sheraton Operating LLC*, 2024 WL 4625951, at *9 (C.D. Cal. Oct. 30, 2024); *Marin v. Loews Hollywood Hotel, LLC*, 2024 WL 4766204, at *5 (C.D. Cal. Oct. 16, 2024). Considering the case law, and absent any substantive argument as to why assuming 25 percent of the total award as attorneys' fees is unreasonable in this case, the Court finds Defendant's assumed attorneys' fees of $1,767,750.95, and the total proposed amount in controversy of $8,838,754.76 to be reasonable. NOR ¶ 50.

Plaintiff also argues that, even if the percentage of attorneys' fees are reasonable, it is applied to valuations of claims that are unreasonable, and so are unreasonable in that respect. Mot. 13:19-21. As previously established, the Defendant's estimated subtotal is reasonable, so Plaintiff's argument here is irrelevant.

In sum, Defendant sufficiently establishes that the amount in controversy is met. For the foregoing reasons, the Court therefore **DENIES** Plaintiff's Motion for Order Remanding Action to State Court.

## V.     CONCLUSION

For the reasons stated herein, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED**.